**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

In re

Michael Sean Hartman and Nancy Ann Hartman
                                                              CHAPTER    13
                                                              CASE NO.    6:13-bk-09074-ABB

      Debtor(s)
_____/

**AMENDED RESPONSE TO VERIFIED MOTION TO STRIP LIEN FILED BY WELLS FARGO BANK, N.A. REGARDING REAL PROPERTY (DE#30)**

      WELLS FARGO BANK, N.A. ("Creditor"), files its Amended Response to the Verified Motion to Strip Lien (DE#30) filed by the Debtor as to the following Property: REAL PROPERTY LOCATED: 2308 ISLAND CLUB WAY ORLANDO, FL 32822, LEGALLY DESCRIBED AS: ALL THAT CERTAIN PROPERTY SITUATED IN CITY OF ORLANDO IN THE COUNTY OF ORANGE AND STATE OF FLORIDA AND BEING DESCRIBED IN A DEED DATED 04/12/1999 AND RECORDED 04/29/1999 IN BOOK 5737 PAGE 3382 AMONG THE LAND RECORDS OF THE COUNTY AND STATE SET FORTH ABOVE AND REFERENCED AS FOLLOWS: 48, SUBDIVISION OF ISLAND CLUB AT RIO PINAR LAKES, PLAT BOOK 29, PAGE 69; PARCEL ID NUMBER: 02-23-30-3885-00-480 ("Property") and states as follows:

      1.      The Debtors filed a Voluntary Bankruptcy Petition under Chapter 13 on July 23, 2013.

      2.      The Debtors filed a Verified Motion to Strip Lien of Wells Fargo on November 25, 2013 at DE#30 seeking to strip-off what is referred to as the Third Mortgage Lien of Wells Fargo Bank, NA.

      3.      Upon information and belief, based on a Title Search conducted by Counsel, Wells Fargo Bank, N.A.'s mortgage recorded on July 29, 2003 at OR Bk 7022 Pg 4667 in the public records of Orange County, FL in the original loan amount of $60,000.00 is in first position.

      4.      As the subject mortgage is in first position, Debtors are prohibited from modifying Creditor's claim in any manner under 11 U.S.C. §1322(b)(2).

      5.      Should the Court determine that Debtor may value the mortgage, which Creditor

argues it cannot, then Creditor also objects to the proposed valuation as it is not indicative of the "Market Value" of the Property, i.e. what a willing buyer and a willing seller negotiate in an arms length transaction, with neither party acting under compulsion nor both parties with knowledge of the material facts and circumstances of the transaction.

6. To the extent that it becomes necessary, Creditor reserves the right to appraise the Property in order to determine its value in order to oppose the Debtor's motion on the basis of valuation.

7. The Debtor's Motion should be denied or in the alternative the Creditor prays the Court enter an Order setting the matter for hearing.

/s/ Nicole Mariani Noel
Nicole Mariani Noel
Kass Shuler, P.A.
P.O. Box 800
Tampa, FL 33601
Phone: (813) 229-0900 Ext. 1343
Fax:    (813) 229-3323
nmnoel@kasslaw.com
Florida Bar No. 69883

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT a true and correct copy of the foregoing was furnished on January 31, 2014, by U.S. Mail and/or electronic mail via CM/ECF pursuant to Local Rule 7005-3 to: Michael Sean Hartman and Nancy Ann Hartman, 2308 Island Club Way, Orlando, FL 32822; Trang Goebel 111 N. Magnolia Avenue, Suite 1600, Orlando, FL 32801; Laurie K. Weatherford, Trustee, P.O. Box 3450, Winter Park, FL 32790.

## Rule 7005-3

## SERVICE BY ELECTRONIC MEANS UNDER RULE 5(b)(2)(D)

A party may make service under Rule 5 (b) (2) (D) of the Federal Rules of Civil Procedure through the Court's electronic transmission facilities if the party being served is a Filing User or otherwise consents in writing to electronic service.

/s/ Nicole Mariani Noel
Nicole Mariani Noel (x1343)

1341127/cap3